UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KEVIN E. BROWNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-2167-DDC-TJJ |
| | ) | |
| ROBERT SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**TO THE PLAINTIFF:**

Plaintiff commenced this action pro se on March 29, 2019, by filing a Complaint (ECF No. 1) naming as Defendants Robert Scott, a District Magistrate Judge in Johnson County, Kansas; Jonathan Zadina, an Assistant District Attorney for Johnson County, Kansas; Christopher Beas, a Kansas Highway Patrol officer; and William Bailiff, a Kansas Highway Patrol officer. Plaintiff asserts jurisdiction lies in this court because his complaint raises a federal question. Specifically, Plaintiff cites a number of titles and sections of the United States Code which are criminal statutes,[1] plus another that authorizes a civil action for certain pattern and practice conduct by governmental agencies with responsibility for the administration of juvenile justice or the incarceration of juveniles.[2]

---

[1] Plaintiff cites 18 U.S.C. §§ 653, 1201, 2384, and 1036.

[2] Plaintiff cites 42 U.S.C. § 14141, which has been moved to 34 U.S.C. § 12601. Although hard to decipher, it appears Plaintiff also lists 22 U.S.C. § 262, which limits the President's ability to accept any invitation to participate in any international congress, conference, or like event.

1

Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) with an attached affidavit of financial status. The affidavit shows that Plaintiff is not employed, has no cash on hand, and has monthly expenses exceeding $1,500.00. Based on the submitted affidavit, the Court grants Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As a result, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim on which relief may be granted.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] Because Plaintiff proceeds pro se, his pleadings are liberally

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[2] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[3] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

construed.[7] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8]

Plaintiff's complaint does not appear to allege facts that raise his right to relief above the speculative level. Plaintiff appears to allege he was unlawfully arrested without a warrant by the two Kansas Highway Patrol officers he names as Defendants. He attaches a number of items to his complaint, including a copy of a "Uniform Notice to Appear and Complaint" issued to him on November 9, 2018 for driving in excess of the speed limit; driving while his license was canceled, suspended, or revoked; failure to display or provide proof of liability insurance; displaying a license plate not assigned to the vehicle; covering the license plate with opaque material; and driving on a closed road by removing or destroying a barricade.[9]

Plaintiff also attaches a "Notice of Declaration in the Form of a Commercial Affidavit of Truth, Notice of Common Law Copyright, Copy Claim, Trademark" and a "Writ of Freeman's Right to Travel" affidavit, asserting the latter document entitles him to $100,000,000.00 in "billing costs to be assessed upon violations such as an unlawful or illegal arrest without a lawful and true 4th Amendment warrant."[10] However, Plaintiff includes no factual allegations concerning his arrest, and his complaint is therefore without sufficient facts on which any recognized legal claim could be based.

---

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] ECF No. 1 at 4. *See also* Pl.'s Ex. 1, ECF No. 1-1, at 2.

[10] *See* ECF No. 1 at 4; ECF No. 1-1 at 12.

In addition, Plaintiff makes no mention of District Magistrate Judge Scott and Assistant District Attorney Zadina other than to include their names as Defendants. Absent any factual allegations, Plaintiff has not stated a plausible claim against them. Plaintiff's complaint does not contain sufficient allegations that rise to the level of stating a violation of his constitutional rights or any other recognized legal claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is hereby granted, but the Court withholds service of process pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Daniel D. Crabtree, United States District Judge, on or before **May 1, 2019**, why this action should not be dismissed for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 11th day of April, 2019.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge