# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KEVIN E. BROWNE,

  Plaintiff,

v.

ROBERT SCOTT, et al.,

  Defendants.

Case No. 19-2167-DDC-TJJ

## MEMORANDUM AND ORDER

This matter is before the court on Judge James's Order to Show Cause (Doc. 4). For reasons explained below, the court dismisses plaintiff's case for failure to state a claim.

### I. Background

On March 29, 2019, pro se plaintiff Kevin Browne filed a Complaint against Johnson County Magistrate Judge Robert Scott, Assistant District Attorney Jonathan Zadina, and Kansas Highway Patrol officers Christopher Beas and Williams Bailiff. Doc. 1. The Complaint alleged only "false arrest" and "unlawful stops, searches, or arrests." Doc. 1 at 4. The Complaint also cited several federal statutes without explanation. *Id.* Also attached to the Complaint were several documents, including (1) Judge Robert Scott's Oath of Office, (2) plaintiff's traffic ticket, (3) certified mail return receipts, (4) IRS Form 56, (5) "Notice of Declaration in the Form of a Commercial Affidavit of Truth," (5) "Writ of a Freeman's Right to Travel," (6) a "Legal Noticed and Demand *Fiat Justitia Ruat Caelum*," and (7) a property receipt record for plaintiff. Doc 1-1. Plaintiff's traffic ticket lists six violations. They include driving in excess of the speed limit, driving with a suspended license, and covering his license plate with an opaque material. *Id.* at 2.

Plaintiff also filed a Motion to Proceed Without Prepayment of Fees. Doc. 3. Magistrate Judge Teresa J. James granted plaintiff's motion. Doc. 4 at 4. But, Judge James also ordered plaintiff to show good cause by May 1, 2019, why the court should not dismiss his claims for failing to state a claim on which relief can be granted. Doc. 4 at 4. Judge James noted that "[p]laintiff's complaint does not contain sufficient allegations that rise to the level of stating a violation of his constitutional rights or any other recognized legal claim." *Id.* Plaintiff filed three responses to Judge James's Order. Docs. 5, 6, and 7.

As best the court can discern, plaintiff brings claims against the Kansas Highway Patrol officers who arrested him for traffic violations, the prosecutor assigned to his case, and the judge assigned to the case. Plaintiff claims his traffic stop and subsequent arrest are "illegal" because he is not subject to the jurisdiction of the state of Kansas.

**II.     Legal Standard**

When a party is granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires the court to screen the party's complaint. While § 1915 refers to prisoners, the Tenth Circuit has held that "'[s]ection 1915(a) applies to all persons applying for [in forma pauperis] status, and not just prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). The court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a pro se litigant is not relieved from following the same procedural rules as any other litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Likewise, the court may not act as an advocate for the litigant. *Hall*, 935 F.2d at 1110.

When screening the Complaint, the court determines whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). So, the court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (using the same standard courts apply to a Rule 12(b)(6) motion when screening the complaint of an *in forma pauperis* litigant). The court views the Complaint's well-pleaded factual allegations in the light most favorable to plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a Complaint can't state a claim for relief simply by alleging the elements of a cause of action or making other broad legal conclusions. *Iqbal*, 556 U.S. at 678. The governing case law instructs the court that it need not accept legal conclusion as true. *Id.*

### III. Analysis

In her Show Cause Order, Judge James noted plaintiff did not include "factual allegations concerning his arrest" or any "mention of District Magistrate Judge Scott and Assistant District Attorney Zadina other than to include their names as [d]efendants." Doc. 4 at 3–4. Judge James also explained that plaintiff's Complaint "is therefore without sufficient facts on which any recognized legal claim could be based." *Id.* at 3. Thus, Judge James ordered plaintiff to show good cause why the court should not dismiss his Complaint for failing to state a claim. None of plaintiff's multiple responses to Judge James's Show Cause Order—individually or collectively—establish the requisite good cause.

Plaintiff's responses to the Show Cause Order fail to allege facts to state a plausible claim for violation of his constitutional rights based on the traffic stop, arrest, or the Kansas court case against him. With his Complaint, he attached a copy of his "Uniform Notice to Appear and

3

Complaint" he received after his traffic stop. Doc. 1-1 at 2. This Notice describes various infractions and misdemeanors, including (1) driving in excess of the speed limit, (2) driving with a suspended driver's license, (3) failure to provide proof of insurance, (4) failure to display license plate properly, (5) covering license place with "opaque material," and (6) driving on a closed road. *Id.* But in his response, plaintiff does not allege any facts to suggest the Kansas Highway Patrol officer lacked probable cause to initiate the traffic stop and arrest him.

Instead, plaintiff alleges on November 9, 2018, Kansas Highway Patrol officer Christopher Beas stopped him "in violation of the certified security agreements in admiralty law . . . ." Doc. 6 at 1. Plaintiff's reference to these "agreements" appears to refer to various documents filed with his Complaint. *See* Doc. 1-1. Plaintiff also alleges that Johnathan Zadina, the prosecutor assigned to his case, and Judge Robert Scott "furthered damages by not dismissing the state case despite motions put in . . . ." Doc. 6 at 2. Plaintiff contends Mr. Zadina and Judge Scott "have the fiduciary responsibility as public servants to offset and discharge encumbrances, citations, and true bills." *Id.*

Plaintiff also alleges he asked for his Johnson County court case to be dismissed by filing his "agreements" and a motion with the Johnson County District Court. But the court did not dismiss the case. Plaintiff contends that this violated the judge's and attorney's oath to protect his rights. The rights plaintiff refers to are the rights outlined in two "Certified Security Agreement" filed in the Johnson County Register of Deeds office. Plaintiff seeks relief "due to the plaintiff having [two] certified security agreements" filed in Johnson County, Kansas. Doc. 6 at 2; Doc. 7 at 3.

Plaintiff's claim is premised on the flawed assumption that law enforcement officials cannot lawfully stop him for traffic violations because of his "security agreements" with Kansas.

He asks the court to enforce these "agreements" and award him damages of $100,000,000[1] because of his "multitude of damages that include: unlawful stop, kidnapping and held at ransom, stolen property under threat, duress, and [coercion], conspiracy against rights, [and] deprivation of rights . . . ." Doc. 6 at 4.

It appears plaintiff's Complaint asserts that he is not subject to the jurisdiction of the state of Kansas, while simultaneously calling upon the court to enforce his "agreements" with Kansas. The Tenth Circuit specifically has rejected a litigant's attempt to declare "sovereign citizen" status to avoid jurisdiction of the courts. *Charlotte v. Hansen*, 433 F. App'x. 660, 661 (10th Cir. 2011), *cert. denied* 132 S. Ct. 1147 (2012). The Circuit explained that "an individual's belief that [his] status as a 'sovereign citizen' puts [him] beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" *Id.* (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

Many other courts have reached the same conclusion. *See, e.g.*, *United States v. Himmelreich*, 481 F. App'x. 39, 40 n.2 (3d Cir. 2012) (describing a defendant's submissions as "contain[ing] the faint air of sovereign-citizen argumentation" and warning that "[t]o continue down that path would be unrewarding"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that the Seventh Circuit "repeatedly [has] rejected [defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk" and such arguments do not put an individual "beyond the jurisdiction of the courts"); *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (unpublished table opinion) (rejecting defendant's challenge that the court lacked personal jurisdiction over him and concluding that defendant's

---

[1] Because, according to plaintiff, the full amount of damages authorized by the "certified security agreement" is more than $4.1 billion and would "bankrupt the state of Kansas," plaintiff has "scaled down" the relief he seeks in the Complaint. Doc. 6 at 3.

"contentions are frivolous and the courts ordinarily reject similar contentions without extended argument" (citations omitted)); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (describing an appeal challenging the government's jurisdiction over a "sovereign citizen" as "frivolous").

Plaintiff cannot state a claim based on a frivolous argument with "no conceivable validity in American law." *Charlotte*, 433 F. App'x. at 661. Plaintiff's response to Judge James's Show Cause Order contains conclusory allegations of kidnapping, defamation, misusing public funds, and that he was "unlawfully stopped" without enough supporting facts. Doc. 6 at 1; Doc. 7 at 1–2. Plaintiff cannot state a claim for relief by "making broad legal conclusions." *Iqbal*, 556 U.S. at 678. And, plaintiff's claims are dependent upon the validity of his "agreements" with the state of Kansas and his status as a "sovereign citizen." The court thus finds that plaintiff has failed to show good cause why the court should not dismiss his action. And the court dismisses the case under 28 U.S.C. § 1915(e)(2)(ii) for failing to state a plausible claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has failed to show good cause why the court should not dismiss this action for failure to state a claim.

**IT IS FURTHER ORDERED THAT** plaintiff's case is dismissed. The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

**Dated this 9th day of October 2019, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**